IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JORGE D. ALBAYERO, *et al.*,  )
)
        Plaintiffs,  )
)
v.  )      Civil Action No. 3:11CV201–HEH
)
WELLS FARGO BANK, N.A., *et al.*,  )
)
        Defendants.  )

## MEMORANDUM OPINION
### (Defendants' Motion to Dismiss Second Amended Complaint)

This is an action seeking money damages and judicial reversal of a foreclosure for alleged fraud, breach of contract, and breach of the implied duty of good faith and fair dealing. The matter is currently before the Court on Defendants' motion to dismiss the second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6), filed on May 26, 2011. The parties have submitted memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons discussed herein, the motion will be denied in part and granted in part.

I.

The following facts are alleged in the Second Amended Complaint and are assumed to be true for the purposes of the motion currently before the Court. On May 4, 2005, Jorge D. Albayero ("Albayero") and Concepcion Benavides ("Plaintiffs") secured a

mortgage with Wells Fargo, N.A. ("Wells Fargo") for a property located at 4021 Falstone Road in Chesterfield, Virginia. The mortgage loan was evidenced by a deed of trust which appointed Samuel I. White, P.C. ("White") as trustee. The deed gave White the power of foreclosure sale, subject to any requirements and limitations of applicable law.

Plaintiffs allege that during 2009 and 2010 they discussed a loan modification with Wells Fargo. During the course of negotiations, Wells Fargo advised Plaintiffs that they were two months behind in their mortgage payments. Allegedly, the bank further instructed Plaintiffs not to "bring their payments current 'until [they] determine[d] the amount to be paid.'" (Second Am. Compl. ¶ 9.) Plaintiffs claim that Wells Fargo, at the same time, instructed White to foreclose on the property.

Albayero alleges that he spoke with a female Wells Fargo representative on July 28, 2010 who informed him that the property was pending foreclosure, but that the foreclosure proceedings would be stayed if he "paid Wells Fargo the sum of $8,000 by the next day." (*Id.* ¶ 11.) According to Albayero, he informed the representative that he would make the payment. He contends that he then sent $8,000 through Western Union, and subsequently called Wells Fargo to confirm timely receipt of the payment.

On August 10, 2010, Plaintiffs received notice from White that foreclosure on the property would occur on August 24, 2010. (*Id.* ¶ 19.) That same day, Albayero allegedly called Wells Fargo and spoke to another female representative. After Albayero allegedly advised her of the $8,000 payment and the notice of foreclosure, she assured him that the foreclosure would halt—based on Albayero's $8,000 payment—despite the notice he had received from White. (*Id.* ¶ 20.)

2

In spite of the alleged representations made by the Wells Fargo on August 10, 2008, another representative of Wells Fargo confirmed to Albayero in a telephone conversation on August 24, 2011 that the foreclosure would in fact occur that afternoon. Albayero allegedly responded with "extreme shock and extreme dismay," (*Id.* ¶ 24), and claims that Wells Fargo then "indicated it would stop the sale." (*Id.* ¶ 25.)

According to Plaintiffs, the foreclosure sale took place on August 24, notwithstanding the alleged assurances to the contrary. Wells Fargo was the highest bidder and acquired the property. Plaintiffs contend that Wells Fargo then promised Albayero that they would rescind the sale. Yet Wells Fargo subsequently sold its interest in the property to the Federal Home Loan Mortgage Corporation ("Freddie Mac"), the company that allegedly backed the mortgage loan to Plaintiffs. (*Id.* ¶ 28.)

Freddie Mac filed an eviction action against Plaintiffs in the General District Court of Chesterfield County, Virginia in Case No. GV1001793200. (*Id.* ¶ 29). The general district court entered a judgment for Freddie Mac, to which Plaintiffs timely perfected an appeal to the Circuit Court of Chesterfield County, Virginia. (*Id.*). The appeal entitled the plaintiffs to a trial *de novo* in the Circuit Court, where that case is currently pending. (*Id.*).

Plaintiffs filed the initial Complaint in this case in the Circuit Court of Chesterfield County, Virginia on December 2, 2010, and served Defendants Freddie Mac, Wells Fargo, and SIWPC on February 28, March 3, and March 4, 2011, respectively. (Mem. Supp. Defs.' Mot. Dismiss Second Am. Compl. at 1) [hereinafter "Defs.' Mem."]. The Defendants filed a demurrer regarding all claims on March 21, 2011, and removed

3

the case to this Court on March 30, 2011. (*Id.*).  On April 18, 2011, Plaintiffs filed a

Memorandum in Opposition to Defendants' Motion to Dismiss, an Amended Complaint,

and a Motion for Leave to file a Second Amended Complaint.  This Court granted the

Motion for Leave to file a Second Amended Complaint on May 3, 2011.

On May 10, 2011, Plaintiffs filed a Second Amended Complaint against Wells

Fargo, White, and Freddie Mac (collectively referred to as "Defendants").  Plaintiffs

claim that the alleged representations made by the female Wells Fargo representative on

July 28 concerning the $8,000 payment were fraudulent because "Wells Fargo intended

to foreclose on the home whether or not the [P]laintiffs sent such funds . . . ." (Second

Am. Compl. ¶ 12.)  Plaintiffs further contend that the statements made by Wells Fargo's

representatives on August 10, August 24, and some unspecified time after the foreclosure

sale were also fraudulent and induced Plaintiffs to forego seeking declaratory or

injunctive relief to stay the impending foreclosure.

Plaintiffs also claim that Wells Fargo's actions violated an implied covenant of

good faith and fair dealing under the Uniform Commercial Code ("U.C.C.") because

Plaintiffs detrimentally relied on these fraudulent representations by timely paying the

$8,000. (*Id.* ¶ 15).  Finally, Plaintiffs advance two alternative theories of recovery for

breach of contract.  First, Plaintiffs contend that Wells Fargo's representations constituted

a unilateral contract offer and that the contract was binding once Albayero paid the

$8,000.  Second, Plaintiffs claim that they entered into a bilateral contract with Wells

Fargo as a result of the phone conversation that occurred on July 28, 2011, during which

Plaintiffs allegedly agreed to pay $8,000 for a stay of the foreclosure proceedings.  As a

4

result, Plaintiffs seek record ownership of the property located at 4021 Falstone Road;

compensatory damages for emotional distress, fraud, breach of covenant and contract;

punitive damages for fraud; and attorney's fees.

## II.

To survive a motion to dismiss, a complaint must contain sufficient factual

information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). Mere labels and conclusions

stating that the plaintiff is entitled to relief are not enough. *Id.* at 555, 127 S. Ct. at 1964–

65. "[N]aked assertions of wrongdoing necessitate some factual enhancement within the

complaint to cross the line between possibility and plausibility of entitlement to relief."

*Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks

omitted).

A complaint achieves facial plausibility when it contains sufficient factual

allegations supporting the reasonable inference that the defendant is liable for the

misconduct alleged. *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965; *see also Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937, 1949 (2009). This analysis is context-specific and requires "the

reviewing court to draw on its judicial experience and common sense." *Francis*, 588

F.3d at 193. The Court must assume plaintiff's well-pleaded factual allegations to be true

and determine whether those allegations "plausibly give rise to an entitlement to relief."

*Iqbal*, 129 S. Ct. at 1950.

Defendants removed this case to this Court pursuant to 12 U.S.C. 1452(f) which

provides that any civil action filed in state court "to which [Freddie Mac] is a party may

at any time before the trial thereof be removed...to the district court of the United States

for the district and division embracing the place where the same is pending" As this case

was originally filed in a Virginia Circuit Court and involves claims for relief under the

law of Virginia, this Court will apply Virginia law in adjudicating this case. *United*

*States v. Little*, 52 F.3d 495, 498 (4th Cir. 1995) (citing *Erie R.R. Co. v. Tompkins*, 304

U.S. 64, 78 (1938)).

## III.

In their Motion to Dismiss, Defendants assert that Plaintiffs' Second Amended

Complaint should be dismissed in its entirety for failure to state a claim for which relief

can be granted.  Defendants first argue that the claims for fraud fail because Plaintiffs did

not allege that the statements were made for the purpose of misleading Plaintiffs.  Next,

Defendants contend that Virginia contract laws do not recognize an independent cause of

action for breach of good faith and fair dealing, and even if the law did recognize such an

action, Wells Fargo had a contractual right to take the alleged measures.  As to the breach

of contract claims, Defendants argue that they must be dismissed for failure to plead the

basic elements, and further that Plaintiffs are not entitled to relief because they initially

breached the contract themselves.  Defendants also assert that any claim based upon a

modification of the initial contract must fail because the alleged contract cannot satisfy

the Statute of Frauds.  As a final matter, Defendants argue that Plaintiffs' claim for

emotional damages relating to the alleged breach of contract should be dismissed because

such damages are only available in rare circumstances, which are not present in this case.

The Court addresses the sufficiency of Plaintiffs' Second Amended Complaint with respect to each of these issues in turn.

## A.

Plaintiffs assert in their claim for fraud that various Wells Fargo representatives made fraudulent statements to Plaintiffs on multiple occasions. Specifically, Plaintiffs allege that on July 28, 2010, a Wells Fargo representative informed Albayero that Plaintiffs' home was in foreclosure; however, the home would be taken out of foreclosure if Plaintiffs paid $8,000 by the next day. According to Plaintiffs, "Wells Fargo intended to foreclose on the home whether or not plaintiffs sent such funds by such time." (Second Am. Compl. ¶ 9.) Plaintiffs also assert that Wells Fargo representatives fraudulently informed Plaintiffs: 1) on August 10, 2010, that the impending foreclosure would be stayed; 2) on August 24, 2010, that the foreclosure sale would be halted; and 3) at some time after August 24, 2010 that Wells Fargo would rescind the sale. (*Id.* at ¶ 20, 25, 27.) Defendants argue that Plaintiffs fail to allege that Wells Fargo made the above statements "for the purpose of misleading the plaintiffs." (Defs.' Mem. at 5.)

To state a valid claim of fraud under Virginia law, Plaintiff must plead (1) a false representation (2) of a material fact (3) that was made intentionally and knowingly, (4) with the intent to mislead, (5) reasonable reliance by the party misled, and (6) resulting damage to the party misled. *Cohn v. Knowledge Connections, Inc.*, 266 Va. 362, 367, 585 S.E.2d 578, 581 (2003); *see also Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 628 (4th Cir. 1999). "A fact is material when it influences a person to enter into a contract, when it deceives him and induces him to act, or when without it the transaction

7

would not have occurred." *Packard Norfolk v. Miller*, 198 Va. 557, 563, 95 S.E.2d 207,

211–12 (1956)); *see also J.E. Robert Co. v. J. Robert. Co., Inc.*, 231 Va. 338, 345, 343

S.E.2d 350, 355 (1986).   Generally, "if a defendant makes a promise that, when made,

he has no intention of performing, that promise is considered a misrepresentation of

present fact and may form the basis for a claim of actual fraud." *SuperValu, Inc. v.*

*Johnson*, 276 Va. 356, 368, 666 S.E.2d 335, 342 (2008).   To satisfy the pleading

standard, however, a plaintiff must clearly allege a contemporaneous intent not to

perform at the time a fraudulent statement is made. *Station #2, LLC v. Lynch*, 280 Va.

166, 172, 695 S.E.2d 537, 540 (2010).

Fraud claims are subject to Federal Rule of Civil Procedure 9(b), requiring that

claimants plead fraud with particularity.  Fed. R. Civ. P. 9(b) ("In alleging fraud or

mistake, a party must state with particularity the circumstances constituting fraud or

mistake.").  At minimum, a plaintiff alleging fraud must describe "the time, place, and

contents of the false representations, as well as the identity of the person making the

misrepresentation and what he obtained thereby." *Wilson v. Kellog Brown & Root, Inc.*,

525 F.3d 370, 379 (4th Cir. 2008) (internal citations omitted).  These facts are commonly

described as the "'who, what, when, where, and how' of the alleged fraud." *Id.* (quoting

*United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 384

(5th Cir. 2003)).

Rule 9(b), however, explicitly allows intent and other conditions of a person's

mind to be alleged generally.  While this aspect of the rule "excuses a party from

pleading discriminatory intent under an elevated pleading standard, . . . [i]t does not give

[a plaintiff a] license to evade the less rigid—though still operative—strictures of Rule 8." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1954 (2009).   Thus, to survive a motion to dismiss, a complaint must have sufficient facial plausibility, allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

Taking as true the facts alleged, this Court finds that Plaintiffs satisfied the requisite elements to state a claim for fraud as to the initial fraudulent statement made by the Wells Fargo representative on July 28, 2010.   As plead in the Second Ameded Complaint, the representative's statement that the home would be taken out of foreclosure if Plaintiffs made the necessary payment was material in that it that it influenced Plaintiffs to immediately pay Wells Fargo $8,000.  The statement also qualifies as one of material fact because Plaintiffs sufficiently allege that Defendants made the statement intending not to perform.  (Second Am. Compl. ¶ 12).  *See Washington v. CitiMortgage, Inc.*, No. 3:10cv887jag, 2011 WL 1871228, at *10 (E.D. Va. May 16, 2011) ("When [a defendant] makes the promise, intending not to perform, his promise is a misrepresentation of *present* fact." (citing *Blair Const., Inc. v. Weatherford*, 253 Va. 343, 348, 485 S.E.2d 137, 140 (1997)).

As required under Rule 9(b), Plaintiffs allege the time, place, and contents of the false representation.  Despite Defendants' assertions to the contrary, Plaintiffs also sufficiently allege that the statement was made with the intent to mislead.  Specifically, Plaintiffs contend that at the time the Wells Fargo representative made the statement, Wells Fargo "intended to foreclose on the home" notwithstanding any payment made by

9

Plaintiffs. (Second Am. Compl. ¶ 12.) Coupling this statement with the surrounding facts alleged by Plaintiffs, this Court is able to draw a reasonable inference that the defendant is liable for intentionally misleading Plaintiffs. For these reasons, Defendants' motion to dismiss with respect to Plaintiffs' first claim of fraud is denied.

Turning to the second allegation of fraud, involving Wells Fargo's representation that it would stay the foreclosure proceedings, Plaintiffs fail to sufficiently state a claim for fraud. While Plaintiffs adequately plead the time, place, and contents of the false representation, they fail to allege that Defendants made the statement with the intention not to perform. For this reason, Plaintiffs' second allegation of fraud must be dismissed for failure to state a claim.

Likewise, the claim that Defendants advised Plaintiffs it would halt the foreclosure proceeding on August 24, 2010, as well as the claim that Defendants promised to rescind the sale must also be dismissed. Plaintiffs fail to assert any intention on behalf of the Defendants to mislead the Plaintiffs; therefore, they do not adequately state a claim for fraud and consequently must be dismissed by the Court.

**B.**

Plaintiffs next allege that Defendants violated the implied covenant to act in good faith with respect to contractual duties created by the Deed of Trust. "Under Virginia law, every contract contains an implied covenant of good faith and fair dealing; however, a breach of those duties only gives rise to a breach of contract claim, not a separate cause of action." *Frank Brunckhorst Co., L.L.C. v. Coastal Atlantic, Inc.*, 542 F.Supp.2d 452, 462 (E.D.Va. 2008); *see also Charles E. Brauer Co., Inc. v. NationsBank of Virginia*,

*N.A.*, 251 Va. 28, 33, 466 S.E.2d 382, 385 (1996). Additionally, a party does not violate

the obligation to act in good faith by "enforcing a contractual right." *Albright v. Burke &*

*Herbert Bank & Trust Co.*, 249 Va. 463, 467, 457 S.E.2d 776, 778 (1995); *see also*

*Washington*, No. 3:10cv887jag, at *9 ("Thus, a party does not breach implied duties

when it exercises its rights created under the contract.").[1]

The Fixed Rate Note signed by Plaintiffs explicitly states that the borrower will

enter default if he does "not pay the full amount of each monthly payment on the date it is

due." (Defs.' Mem., Ex. A at ¶ 6(B).) Moreover, the Deed of Trust grants to Wells

Fargo the contractual right to foreclose on the property in the event of default. (Defs.'

Mem., Ex. B at ¶ 22).[2]  Thus, Wells Fargo's contractual right to foreclose on the property

vested at the time of Plaintiffs' default. Accordingly, the actions taken by Defendants

merely amounted to an exercise of their contractual rights. Therefore, the Court grants

Defendants' Motion to Dismiss as to Plaintiffs' claim for breach of the implied covenant

of good faith and fair dealing.

## C.

Lastly, Plaintiffs allege that Defendants breached what they describe as either a

unilateral or bilateral oral contract, whereby Wells Fargo agreed to forbear from

---

[1] In their Opposition to Defendants' Motion to Dismiss, Plaintiffs analyze the covenant of good faith in the context of the Uniform Commercial Code. However, the Uniform Commercial Code does not apply to contracts involving the "creation or transfer of an interest in or lien on real property." Va. Code § 8.9A-104(d)(11). Therefore, the cases cited by Plaintiffs in their Opposition Memorandum are not applicable to the present case.
[2] Plaintiffs allege that Wells Fargo violated the covenant to act in good faith when its representative informed Albayero that the home would be taken out of foreclosure upon the payment of $8,000. (Second Am. Compl. ¶ 11, 15). Plaintiffs impliedly concede, however, that they failed to make timely payments on the mortgage. (*Id.* at ¶ 9).

foreclosing on the property in exchange for Plaintiffs' payment of $8,000. Under Virginia law, an enforceable contract requires the existence of valid consideration from all parties to an agreement. *Looney v. Belcher*, 169 Va. 160, 166-67, 192 S.E.2d 891, 893 (1937). "A promise to forbear the exercise of a legal right is adequate consideration to support a contract." *Hamm v. Scott*, 258 Va. 35, 38, 515 S.E.2d 773, 774 (1999) (citing *Greenwood Assocs., Inc. v. Crestar Bank*, 248 Va. 265, 268, 448 S.E.2d 399, 402 (1994)). However, "[a] debtor's promise to pay sums already due is not sufficient consideration to support a creditor's agreement" to forbear from exercising a legal right of foreclosure. *Albright*, 249 Va. at 466, 457 S.E.2d at 778.

In the present case, while the alleged promise to stay the foreclosure proceedings constitutes sufficient consideration on the part of Defendants, Plaintiffs have failed to allege the provision of sufficient consideration on their end. Plaintiffs contend that their payment of $8,000 to Wells Fargo constituted valid consideration; however, they concede that they were behind in their payments, thus implying that the $8,000 payment was merely intended to bring them current on their obligations. (Second Am. Compl. ¶ 16-17, 9). Plaintiffs' complaint is devoid of any contention that the $8,000 payment exceeded the amount already due to Defendant Wells Fargo under the terms of the note. Because a promise to pay an amount already due to another party cannot operate as valid consideration, the payment could not constitute additional consideration supporting an independent, enforceable contract. *Albright*, 249 Va. at 466, 457 S.E.2d at 778.

In sum, Plaintiffs fail to allege sufficient facts to support the existence of a modified oral contract ordering a stay in the foreclosure proceedings—whether bilateral

or unilateral; therefore, Defendants' Motion to Dismiss the claim for breach of contract is

granted.  Absent any viable contract, the Court need not reach the other elements of

Defendants' motion to dismiss as to the breach of contract.  (Defs.' Mem. at 10-12.)

## IV.

For the reasons stated herein, Defendants' motion is granted in part and denied in

part.  Defendants' motion is denied as to the allegation of fraudulent misrepresentation

that occurred on July 28.  Defendants' motion, however, is granted with respect to all

other allegations concerning fraudulent statements made by Defendants.  Defendants'

motion is granted as to the Plaintiffs' claims for breach of covenant of good faith and

breach of oral contract.

An appropriate Order shall accompany this Memorandum Opinion.


                                                        /s/
                                            _____
                                            Henry E. Hudson
                                            United States District Judge

Date: Oct 5 2011
Richmond, VA